UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| Dukhan Mumin, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-0726 (UNA) |
| Eric Holder *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a Nebraska state prisoner. He alleges that in 2015, pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, he submitted a *qui tam* complaint to the Department of Justice ("DOJ") against the Nebraska Department of Health and Human Services ("NDHHS"). According to plaintiff, that state agency "solicit[ed] funds from the federal government to assist those recipients on ADC . . . in rising above the poverty line, but diverted the funds for . . . uses other than what they were designed to address." Compl. ¶ 11. Allegedly, in response to plaintiff's recent inquiry to DOJ,

1

the U.S. Department of Health and Human Services ("HHS") informed him "that an investigation would not be conducted and dismissed the case."[1] *Id*. ¶ 15. Plaintiff claims that he "is entitled to pursue a *qui tam* action pursuant to law," and that defendants' conduct "represents a collaboration and conspiracy to violate [his] constitutional rights, by depriving him of an opportunity to recover at least 15% of all fines and penalties collected from the NDHHS for their fraudulent activity." *Id*. ¶¶ 17-18. Therefore, plaintiff demands "compensation of at least 15% of all fines and penalties collected from the NDHHS . . . between 1987 to the present" and punitive damages. *Id*. at 5.

The FCA authorizes "[a] person [to] bring a civil action . . . for the person and for the United States Government[,]" but "[t]he action shall be brought in the name of the Government." 31 U.S.C. § 3730. Therefore, it is established in this circuit that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196-97 (D.D.C. 2005); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases). As the court explained in *Fisher*, "a *qui tam* relator has an interest in the action," but the United States is the real party in interest "regardless of whether the government chooses to intervene." 377 F. Supp. 2d at 198 (following *Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 12 (D.D.C. 2003)). And "[b]ecause the outcome of such an action could have claim-or issue-preclusive effect on the United States, '[t]he need for adequate legal

---

[1] Plaintiff refers to an attachment "marked exhibit # 1," but the complaint contains no such attachment.

representation on behalf of the United States is obviously essential.'" *Id*. at 198 (quoting *Rockefeller*, 274 F. Supp. 2d at 16). Consequently, while plaintiff has every right to "plead and conduct [his] own case[ ] personally," 28 U.S.C. § 1654, he has neither a constitutional nor a statutory right to pursue the claims of the United States without counsel.

In addition, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and such decisions are generally not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted)). Consequently, to the extent that plaintiff is challenging HHS' alleged decision not to pursue his *qui tam* claim, he has not identified any authority that provides for judicial review. A separate order of dismissal accompanies this Memorandum Opinion.

*Ketanji Brown Jackson*
Ketanji Brown Jackson
DATE: May 19, 2017     United States District Judge